IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | CRIMINAL ACTION NO. 4:19-CR-00265- |
| v. § | SDJ-CAN-2 |
| § | |
| STEVEN THOMAS MATHIS § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Steven Thomas Mathis's Motion for Pre-trial Hearing to Determine Admissibility of Co-conspirator's Statements [Dkt. 43]. After considering the Motion, the Response, and all other relevant filings, the Court recommends Defendant's Motion be **DENIED**.

## BACKGROUND

On October 8, 2019, Defendant was indicted for a violation of 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Cocaine) [Dkt. 1]. Count One charges that:

> [D]efendant[], did knowingly and intentionally combine, conspire, and agree with . . . other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a violation of 21 U.S.C. § 841(a)(1).

[Dkt. 1]. Along with Defendant, the one-count Indictment names as co-defendants Omar Daniel Garcia-Agosto and Lori Smith.

On February 19, 2020, Defendant filed the instant Motion, seeking a pretrial *James* hearing to determine the admissibility of out-of-court statements made by any unavailable witnesses, alleged coconspirators, and/or co-defendants under Rule 801(d)(2)(E) of the Federal Rules of Evidence [Dkt. 43]. *See United States v James*, 590 F.2d 575, 582 (5th Cir. 1979). Although Defendant references generally unavailable witnesses, the focus of the Motion is on evidence that

Defendant maintains the Government intends to offer under the coconspirator exception to the hearsay rule. Defendant urges that admission of any such statements would violate Defendant's right to due process and to confrontation; as such, Defendant asks the Government be required to reveal those statements and that a pretrial hearing be conducted to determine whether such evidence is admissible before it is introduced at trial [Dkt. 43]. The Government opposes Defendant's request for a hearing, arguing a pretrial hearing for this purpose would be both unnecessary and time consuming. The Government contends that such a pretrial hearing would involve almost as many witnesses and as much testimony as would be presented in the trial, and that the Court may, in its discretion—and in this instance should—permit coconspirator statements to be introduced in an orderly and logical presentation of evidence during trial [Dkt. 45].

### ANALYSIS

The Federal Rules of Evidence provide that certain out-of-court statements made by a party's coconspirator are not hearsay and may be admissible at trial. Rule 801(d)(2)(E) recites that "[a] statement that meets the following conditions is not hearsay . . . . The statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." FED. R. EVID. 801(d)(2)(E). Thus, "[a] declaration by a coconspirator is admissible at trial, against a defendant, if the government establishes by a preponderance of the evidence (1) that a conspiracy existed, (2) that the coconspirator and the defendant against whom the coconspirator's statement is offered were members of the conspiracy, (3) that the statement was made during the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy." *United States v. Cox*, No. 4:13-CR-266 (2), 2015 WL 13446270, at *1 (E.D. Tex. Aug. 17, 2015) (Crone, J.) (citing *United States v. Ebron*, 683 F.3d 105, 135 (5th Cir. 2012), *cert. denied*, 134 S. Ct. 512 (2013)). "Whether statements are admissible under this rule is a preliminary

question that 'shall be determined by the court.'" *Cox*, 2015 WL 13446270, at *1 (quoting *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992), *cert. denied*, 507 U.S. 1012 (1993)); *see also* FED. R. EVID. 104(a).

In *James*, the Fifth Circuit held that district courts should, "whenever reasonably practical, require the showing of a conspiracy and of the connection of the Defendant with it before admitting the declarations of a co-conspirator." 590 F.2d at 582. "The *James* court, however, also recognized that it is sometimes not reasonably practicable to require the showing be made before admitting the evidence." *United States v. Holley*, No. 4:12-CR-29, 2014 WL 12703708, at *2 (E.D. Tex. June 2, 2014) (quoting *James*, 590 F.2d at 582) (internal quotations omitted). Consistent with the Fifth Circuit's opinion in *James*, a criminal defendant may request a hearing to determine whether out-of-court statements made by a coconspirator—which may otherwise constitute inadmissible hearsay—are indeed admissible under Federal Rule of Evidence 801(d)(2)(E). *United States v. Riggins*, 524 F. App'x 123, 129 (5th Cir. 2013) (quoting *James*, 590 F.2d at 577). To be clear, a pretrial hearing to determine the existence of a conspiracy before any coconspirator statements may be admitted is not required; such a hearing is only "one *potential method* by which the district court may ensure that Government can satisfy the predicate facts needed to prove the conspiracy independent of the statements." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (citing *Fragoso*, 978 F.2d at 900) (emphasis added). Deciding whether a pretrial *James* hearing is necessary in a particular case is within the sole discretion of the trial court. *Cox*, 2015 WL 13446270, at *1 (quoting *Williams*, 264 F.3d at 576). The Fifth Circuit has held that "a district court may [] carry the defendant's objection 'through trial or at least through presentation of the government's case until a determination of the existence of FED. R. EVID. 801(d)(2)(E) predicate facts may be appropriately made.'" *United States v. Carreon*, 242

REPORT AND RECOMMENDATION – Page 3

F. App'x 221, 227 (5th Cir. 2007) (quoting *Fragoso*, 978 F.2d at 900); *see also United States v. Ordonez*, 286 F. App'x 224, 237 (5th Cir. 2008) (holding that "[t]he district court did not err by waiting until the end of trial to determine the existence of the Rule 801(d)(2)(E) predicate facts"); *Cox*, 2015 WL 13446270, at *1 (citing *United States v. West*, 58 F.3d 133, 142 (5th Cir. 1995)) ("In determining whether the statements are admissible, a district court need not hold a pre-trial hearing and may conditionally admit the challenged statements until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made.").

    In this instance, Defendant presents no compelling reason necessitating a pretrial *James* hearing. Such a hearing would effectively require the Court to conduct a "mini-trial" of potentially considerable length and to hear much of the evidence twice, which would be both wasteful and unnecessary. "Deferring a *James* motion 'is particularly appropriate in cases' where, as here, 'holding a pretrial hearing would, in effect, result in trying the case twice and wasting valuable judicial resources and time." *Cox*, 2015 WL 13446270, at *2 (citing *United States v. Carroll*, No. 99-98, 2000 WL 45870, at *5 (E.D. La. Jan. 20, 2000) (citing *United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1223 (5th Cir. 1994); *United States v. Acosta*, 763 F.2d 671, 679 (5th Cir. 1985), *cert. denied*, 474 U.S. 863 (1985); *United States v. Fleifel*, No. 3:12-CR-318-D(3), 2014 WL 6633049, at *4 (N.D. Tex. Nov. 24, 2014))); *see also United States v. Okoroji*, No. 3:15-CR-559-D(1), 2018 WL 1640223, at *3 (N.D. Tex. Apr. 5, 2018). Indeed, the Eastern District of Texas has repeatedly rejected requests for a pretrial *James* hearing where holding the hearing in effect would result in trying the lawsuit two times. *See, e.g.*, *United States v. Santibanez*, No. 4:13-CR-266 (3), 2015 WL 13446784, at *2 (E.D. Tex. Aug. 17, 2015); *United States v. Hearns*, No. 4:13-CR-93(2), 2015 WL 13357610, at *2 (E.D. Tex. July 1, 2015); *United States v. Cox*, No. 4:13-CR-45, 2014 WL 3361998, at *7 (E.D. Tex. July 5, 2014); *United States v. Ramos*, No. 4:13-CR-92(4),

2014 WL 12709421, at *2 (E.D. Tex. June 10, 2014); *Holley*, 2014 WL 12703708, at *2; *United States v. Harden*, No. 4:11-CR-127(9), 2014 WL 12902242, at *5 (E.D. Tex. Jan. 10, 2014); *United States v. Pineda*, No. 4:09-CR-194(15), 2012 WL 12969825, at *2 (E.D. Tex. Sept. 28, 2012); *United States v. Ritz*, No. 4:06CR276, 2007 WL 2329818, at *1 (E.D. Tex. Aug. 13, 2007). The Court is of the opinion that conducting a pretrial *James* hearing in this case is not warranted and that the instant Motion should be denied. The Court is mindful of the Federal Rules of Evidence and will enforce them as appropriate at trial.

## CONCLUSION

For the foregoing reasons, it is recommended that Defendant's "Motion for Pre-trial Hearing to Determine Admissibility of Co-conspirator's Statements" [Dkt. 43] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 9th day of April, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE