## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 4:19-CR-00265-SDJ-CAN-2 |
| v. | § § § | |
| STEVEN THOMAS MATHIS (2) | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Steven Thomas Mathis' Motion to Dismiss the Indictment or, In the Alternative, For A Bill of Particulars ("Defendant's Motion") [Dkt. 79]. Defendant moves to dismiss the Indictment under Federal Rule of Criminal Procedure 12(b) "because it lacks adequate specificity" or alternatively requests, under Rule 7(f), an order directing the Government to provide a bill of particulars [Dkt. 79]. The Government opposes Defendant's request [Dkt. 88]. United States District Judge Sean Jordan has referred Defendant's Motion to the undersigned for consideration and a determination or recommended disposition [Dkt. 80]. After reviewing Defendant's Motion [Dkt. 79], and all other relevant filings [Dkt. 88], the Court recommends Defendant's Motion be **DENIED**.

### APPLICABLE BACKGROUND

On October 8, 2019, the grand jury returned a one-count indictment charging Defendant, in Count 1, with Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), all in violation of 21 U.S.C. 846 [Dkt. 1, sealed]. There have been no superseding indictments. Defendant claims the Indictment should be dismissed because it lacks adequate specificity to provide Defendant with notice of the charges against him under Rule 12(b)(3)(B)(iii) in violation of his right to due process of law; his right to be informed of the nature and cause of

the accusations; and his right to effective assistance of counsel under the Fifth and Sixth Amendments to the United States Constitution [Dkt. 79 at 1]. Should the Court disagree, Defendant requests the Court direct the Government to provide Defendant with a list of particulars alleged to be essential to his ability to prepare his defense at trial [Dkt. 79 at 1-2]. Specifically, Defendant contends the Government should be required to provide him: each date and place where an act in furtherance of the conspiracy was committed, the date and place forming the basis of the confidential sources' allegations, the connection of Defendant to the narcotics, the identity of the confidential source, and the identity of the co-conspirators who implicated defendant [Dkt. 79 at 2]. Defendant contends that "[w]ithout the requested information [he] will have virtually no idea how [he] is implicated in the conspiracy aside from the assertion of the case agent that the information implicating the defendant is simply 'word of mouth'" [Dkt. 79 at 3]. The Government argues Defendant is not entitled to the requested relief [Dkt. 88]. First, the Government asserts Defendant already has the requested information, having received a complete copy of all discovery material [Dkt. 88 at 7]. Furthermore, the Government contends the Indictment is clear and that allegations of specific overt acts are not only unnecessary in the prosecution of drug crime conspiracies as a matter of law, but also as a matter of policy, since heightened specificity in the indictment would not enhance Defendant's ability to prepare for trial [Dkt. 88 at 8]. The Government continues that through the Indictment, discovery process, detention hearing, "and other information presently available to the Defendant, he is adequately knowledgeable of the charges against him to prepare for trial, to avoid surprise and to plead double jeopardy in the event of a new prosecution" [Dkt. 88 at 14].

## LEGAL STANDARD AND ANALYSIS

*Rule 12(b) Motion to Dismiss*

Rule 12 of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). This includes a pre-trial motion challenging the indictment for lack of specificity. FED. R. CRIM. P. 12(b)(3)(B)(iii).

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." FED. R. CRIM. P. 7(c)(1). An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal to bar a subsequent prosecution. *United States v. Heon Jong Yoo*, No. 6:18CR16, 2018 WL 9362570, at *2 (E.D. Tex. Nov. 8, 2018) (quoting *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004)) ("'[I]t is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged.' The test for sufficiency is 'not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards[.]'"). Stated differently, "[t]he sufficiency of an indictment is judged by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Lightner*, No. H-18-513, 2018 WL 6602183, at *2 (S.D. Tex. Dec. 17, 2018) (quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986)).

Relevant herein, even though the indictment must contain "the essential facts" of the charged crime, the defendant is not entitled to "the evidentiary details by which the government plans to establish his guilt."  FED. R. CRIM. P. 7(c)(1); *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986) (citation omitted).  The Fifth Circuit has explained that "the language of the statute may guarantee sufficiency if all required elements are included in the statutory language." *Gordon*, 780 F.2d at 1171 (citation omitted).  Indeed, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits."  *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)), *cert. denied*, 423 U.S. 1087 (1976).  Allowing courts to evaluate the quality of evidence prior to trial runs "counter to the whole history of the grand jury institution," and, thus, courts cannot rule on motions to dismiss based on the sufficiency of the evidence.  *United States v. Strouse*, 286 F.3d 767, 773 (5th Cir. 2002) (citation omitted).

Accordingly, the central issue in considering Defendant's instant request to dismiss the Indictment is whether Count One of the Indictment properly and adequately states the elements of the charged crime.  *See United States v. Luna*, No. DR-06- CR-972-AM, 2014 WL 12861730, at *2 (W.D. Tex. Jan. 9, 2014) (quoting *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000)) ("Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged.").

The conspiracy provision of the Controlled Substances Act, 21 U.S.C. § 846, reads: "any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the

. . . conspiracy." 21 U.S.C. § 846.  The Indictment alleges that Defendant conspired to violate 21 U.S.C. § 841, which provides that "it shall be unlawful for any person knowingly or intentionally . . . to . . . distribute . . . a controlled substance." 21 U.S.C. § 841(a)(1).  The elements for a controlled substance conspiracy charge are as follows:

1. "That two or more persons, directly or indirectly, reached an agreement to" possess with the intent to distribute a controlled substance;
2. "That the defendant knew of the unlawful purpose of the agreement;"
3. "That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and"
4. "That the overall scope of the conspiracy involved at least" [insert quantity] of cocaine; and
5. "That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least" [insert quantity] of cocaine.

*See Pattern Crim. Jury Instr. 5th Cir. 2.97* (2019).

According to the Indictment, Defendant:

(Count One) from sometime in or about January 2019, and continuously thereafter up to and including October 8, 2019, in the Eastern District of Texas and elsewhere, [Defendant] Mathis [and other co-defendants] . . . did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a violation of 21 U.S.C. § 84l(a)(l).  In violation of 21 U.S.C. § 846.

[Dkt. 1, sealed].  The Indictment tracks the elements of §§ 841 and 846; Count One meets the relatively low standard established by Rule 7(c)(1).  *See United States v. Campbell*, 685 F.2d 131, 132 (5th Cir. 1982) ("In order to dismiss an indictment for failure to state an offense, the court must find that the indictment does not contain the elements of the offense intended to be charged."); *United States v. Adcox*, No. 15-00036, 2017 WL 2489998, at *2-3 (W.D. La. June 7, 2017) (describing general standards for evaluating sufficiency of indictment as relatively lenient and/or low).  To reiterate, the Court is limited to determining whether the Indictment meets the minimum constitutional standards, in that it contains the essential elements of the charged offense

and fairly informs the defendant of the charge against him so that he can defend against the charge. Defendant has not shown that the Indictment fails to meet this standard. *See Luna*, 2014 WL 12861730, at *2 (denying a request to dismiss an indictment on an § 841 charge); *United States v. Rodriguez*, No. 4:18-CR-00216-ALM-CAN-18, 2020 WL 4689193, at *3 (E.D. Tex. July 27, 2020) (same), *report and recommendation adopted*, No. 4:18-CR-216, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020) (Mazzant, J.); *United States v. Vogel*, No. 4:08-CR-224, 2009 WL 10673439, at *6 (E.D. Tex. Sept. 2, 2009) (same) (Crone, J.). Therefore, any request to dismiss the Indictment should be denied.

*Rule 7(f) Bill of Particulars*

Federal Rule of Criminal Procedure 7(f) provides a basis for defendants to obtain a bill of particulars. FED. R. CRIM. P. 7(f) ("The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."). The purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy. *See e.g., Rodriguez*, 2020 WL 4689193, at *4 (citing *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005) (citation omitted)); *see also United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (citation omitted) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution."). "A defendant possesses no right to a bill of particulars[.]" *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). Indeed, the granting or denial of a bill of particulars is within the sound discretion of the trial court. *Mackey*, 551 F.2d at 970. To that end, a court abuses its discretion in denying a motion for a bill of particulars only when the denial

results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987). Conversely, "the trial court should only grant a bill of particulars when the information is necessary for the defendant to prepare for trial." *United States v. Little*, No. 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012) (citation omitted).

Defendant urges that there is a lack of specificity in the Indictment, and thus a bill of particulars is necessary to allow him to properly prepare his defense to the charges. Defendant contends that the only evidence linking him to the alleged conspiracy are the statements of co-conspirators and confidential sources whose identity is unknown to him [Dkt. 79-1 at 1]. As such, Defendant asks the Court to direct the Government to provide the following particulars:

   a. Identify and describe each date and place that Defendant committed an act in furtherance of the conspiracy to distribute heroin, and cocaine.
   b. Identify Confidential Source (CS) from Mesquite, Texas, who cooperated with DEA Dallas Enforcement and made consensual phone calls which initiated this investigation.
   c. Identify and describe each date and place forming a basis for (CS) allegation that Defendant was involved in the conspiracy alleged in cause number 4:19CR265.
   d. Identify the co-conspirators who allegedly corroborated (CS)'s information that defendant was part of the conspiracy.
   e. Identify the two co-conspirators who Officer Torres states corroborated (CS)'s story that defendant was part of the conspiracy (see Detention hearing transcript page 17 attached).
   f. Identify and reveal how the defendant is connected to any of the drugs that were seized by agents during this investigation

[Dkt. 79 at 2]. For discussion purposes, these requests can best be grouped into two categories: (1) specific overt acts in furtherance of the conspiracy and/or showing a connection to narcotics, and (2) identity of co-conspirators and confidential source.

### i.   *Overt Acts/Connection to Narcotics*

Defendant requests that the Government: (a) identify and describe each date and place that Defendant committed an act in furtherance of the conspiracy to distribute cocaine; (c) identify and describe each date and place forming a basis for [Confidential Source] allegation that defendant

REPORT AND RECOMMENDATION – Page 7

was involved in the conspiracy; and (f) identify and reveal how the Defendant is connected to any of the drugs that were seized by agents during this investigation [Dkt. 79 at 2]. Defendant in essence asks the Government to provide all the overt acts it will seek to prove. A bill of particulars is not a discovery device. *United States v. Djuga*, No. 14-140, 2015 WL 1412100, at *2-3 (E.D. La. Mar. 25, 2015) (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)); *Burgin*, 621 F.2d at 1359 (outlining that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"). A defendant is not entitled to use a bill of particulars to discover all overt acts that might be proved at trial. *United States v. Bethany*, No. 3:18-CR-0297-S, 2020 WL 1976827, at *2 (N.D. Tex. Apr. 23, 2020) (citing *United States v. Shults*, No. 3:14-cr-00298-M, 2018 WL 5023779, at *1 (N.D. Tex. Sept. 18, 2018)); *United States v. Licciardi*, No. 14-284, 2016 WL 815509, at *4 (E.D. La. Mar. 2, 2016) (citing *Kilrain*, 566 F.2d at 985); *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (citations omitted) ("[T]here is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge[.]"). Here, the Indictment properly discloses the purpose of the alleged conspiracy, its timing, the drugs purportedly involved, and alleges Defendant joined the agreement knowingly and voluntarily. The Indictment states in relevant part: "defendants, did knowingly and intentionally combine, conspire and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute 5 kilograms or more of a mixture of substance containing a detectable amount of cocaine" [Dkt. 1 at 1, ¶ 2, sealed]. This is sufficient.

Moreover, as set forth *supra*, Defendant is charged under 21 U.S.C. §§ 841(a)(1), 846. A § 846 conspiracy charge does not require proof that Defendant actually distributed or possessed

with intent to distribute any controlled substance, or proof of an overt act to show participation in a drug conspiracy. Thus, the Government is not required to allege or prove at trial any specific overt acts by Defendant; the important element of a § 846 conspiracy charge is the agreement. *United States v. Shabani*, 513 U.S. 10, 11 (1994) ("This case asks us to consider whether 21 U.S.C. § 846, the drug conspiracy statute, requires the Government to prove that a conspirator committed an overt act in furtherance of the conspiracy. We conclude that it does not."); *United States v. Addison*, No. 14-1168, 2015 WL 1245556, at *4 (E.D. La. Mar. 18, 2015) (citing *United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003)) (same). To be clear, "the fact that [Defendant] was charged [] with conspiracy reduces the level of factual detail to which he is entitled with respect to the offenses which were the objects of the conspiracy." *Addison*, 2015 WL 1245556, at *4.

Encompassed within each request to identify the overt acts, Defendant also seeks the dates and locations Defendant is alleged to have committed each overt act [Dkt. 79 at 2]. This information (the precise date of the offense and/or the exact location of the act) similarly need not be alleged in the charging documents. Alleging that an offense occurred on or about a certain date is sufficient. *United States v. Ellender*, 947 F.2d 748, 756 (5th Cir. 1991). Indeed, any date within the statute of limitations and before the return of the Indictment will support a conviction. *United States v. Bowman*, 783 F.2d 1192, 1197 (5th Cir. 1986). Defendant is also not entitled to any further specificity as to the location of the crime than is alleged in the Indictment. *See Djuga*, 2015 WL 1412100, at *3 (Holding that defendant's "request [for a bill of particulars] impermissibly crosses the line and it seeks a detailed account of government evidence which need not be provided in response to a motion for a bill of particulars[,]" where plaintiff requested the "dates, times, and places at which the Defendant is alleged to have combined, conspired, confederated, and agreed. . . . to commit the narcotics violations alleged[.]"); *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977) (Denying request for bill or particulars and holding indictment was sufficiently

informative where plaintiff "sought '(t)he exact location, including the street address, of the alleged illegal sale, receipt, transportation, and concealment of automobiles charged in all counts of the indictment.'"). The Government argues that they have provided Defendant with reasonable notice of the approximate dates and locations of the charged offenses as outlined in the Indictment [Dkt. 88 at 9]. Here, the Indictment provides that the alleged conduct occurred from "sometime in or about January 2019, and continuously thereafter up to and including October 8, 2019" [Dkt. 1 at 1, sealed]. Further, the Indictment provides that that alleged conduct occurred "in the Eastern District of Texas and elsewhere" [Dkt. 1 at 1, sealed]. The information stated in the Indictment is sufficient and does not warrant a bill of particulars.

Defendant further contends that the discovery he has received from the Government is insufficient [Dkt. 79 at 3]. While Defendant contends the discovery he has received is minimal, the Government asserts, to the contrary, that it has provided Defendant with all required discovery (and then some) [Dkt. 88 at 7]. To this point, the Government cites the details provided during Defendant's detention hearing. Drug Enforcement Administration ("DEA") Task Force Officer Baldemar Torres ("Officer Torres") testified that "the DEA recorded several phone conversations between the confidential source ("CS") and several members of a drug trafficking organization ("DTO") operating in Mexico, Texas, Florida, and New York. In these recorded phone calls, the DTO members discuss several drug transactions with the CS, including transporting money as payment from Florida to Texas, and transporting heroin to New York, in exchange for a large sum of money" [Dkt. 36 at 3]. Officer Torres stated "that through the recorded phone calls and discussions with the CS, the DEA identified the Defendant as a member of the DTO" [Dkt. 36 at 4; 88 at 12]. Further, Officer Torres testified "that the CS met with Defendant at Defendant's residence in Orlando, Florida, and discussed a previous drug transaction, including the details of a delivery of heroin" [Dkt. 36 at 4; 88 at 12]. "The DEA also seized a shipment of twelve kilograms

REPORT AND RECOMMENDATION – Page 10

of cocaine in route from Mexico through Laredo, Texas, with a final intended destination of Florida" [Dkt. 36 at 3]. The DEA has been able to establish that Defendant is tied to currency seized in prior interactions with the DTO, and is responsible for buying fifteen kilograms of cocaine and seven kilograms of heroin [Dkt. 36 at 3; 88 at 12-13]. Officer Torres testified that "[t]he CS knew Defendant as the 'AC Guy'"[1] [Dkt. 36 at 3]. The Government goes on to further detail its investigation, specifically stating that the CS, along with two co-conspirators, have tied Defendant to the conspiracy and DTO [Dkt. 88 at 14]. Against this backdrop, a bill of particulars for the requested "overt acts," "dates and locations," and "connection to the narcotics" is not necessary and should be denied.

### ii. Identity of Co-Conspirators and Confidential Source

Defendant's Motion also requests the Government to: (b) identify CS from Mesquite, Texas, who cooperated with DEA Dallas Enforcement and made consensual phone calls which initiated this investigation; (d) identify the co-conspirators who allegedly corroborated CS's information that Defendant was part of the conspiracy; and (e) identify the two co-conspirators who Officer Torres states corroborated CS's story that Defendant was part of the conspiracy [Dkt. 79 at 2]. The Government responds that, to date, it has complied with all discovery procedures in this case, as well as its obligations under Rule 16, *Brady*, *Giglio*, and the Jencks Act [Dkt. 88 at 14].[2] Specifically, the Government avers that it has already produced in discovery the evidence Defendant is entitled to at this juncture, and further, "[s]ome witness statements have

---

[1] Defendant is both a general manager of a septic company and an HVAC contractor [Dkt. 36 at 3].
[2] The Court is aware of the recent change to Federal Rule of Criminal Procedure 5(f), but notes that such change does not alter the Government's obligation under *Brady*, but rather merely serves as a further reminder of the Government's disclosure obligations. *See* FED. R. CRIM. P. 5(f) "(f) Reminder of prosecutorial obligation. — (1) In general.--In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law."

REPORT AND RECOMMENDATION – Page 11

already been provided to the defendant.  Plea agreements and Plea Addendums with potential witnesses will be included in the Government's trial exhibits and are available for viewing in the Unites States Attorney's Office.  Criminal history reports have been prepared and are also available at the United States Attorney's Office" [Dkt. 88 at 18].

To the extent, by and through his Motion, Defendant seeks discovery of any additional witness statements, the Jencks Act and Rule 16(a)(2) do not provide for pretrial discovery of statements made by prospective witnesses, including coconspirators.  *See* FED. R. CRIM. P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]."); *Rodriguez*, 2020 WL 4689193, at *5 (citing *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988) ("[T]he Jencks Act explicitly provides that statements of witnesses or prospective witnesses, including co-conspirators, are not discoverable until after the witness testifies[.]")).  "While the Fifth Circuit encourages the 'salutary practice' of tendering the Jencks Act material prior to a witness testifying, it has held that early disclosure is not required by the Jencks Act or Rule 26.2." *United States v. Arriaga-Martinez*, No. 2:13-CR-00235 (1) DAE, 2013 WL 2617025, at *2 (W.D. Tex. June 10, 2013) (citing *United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir. 1979)). The Government too recognizes this principle, stating in its Response, "courts encourage the practice of disclosure of Jencks Act materials at such times as to expedite trials and to avoid potential *Brady* questions.  The [G]overnment will observe that consideration [in this case] when providing witness statements and other witness information to the defendant" [Dkt. 88 at 18]. Insofar as Defendant seeks earlier discovery of any additional statements, the bill of particulars should be denied, except to the extent earlier disclosure is required by the Federal Rules, including Rule 16, *Brady*, or *Giglio*.

Turning to the identity of any alleged confidential source and co-conspirator, "a bill of particulars is a proper procedure for discovering names of co[-]conspirators the Government plans to call as witnesses at trial." *Addison*, 2015 WL 1245556, at *4 (citing *Hughes*, 817 F.2d at 272); *see also Little*, 2012 WL 566805, at *1. But "a motion for a bill of particulars will not be granted when it is being used only to obtain a list of the government's witnesses." *United States v. Faulkner*, No. 3:09-CR-249-D(02), 2011 WL 2880919, at *3 (N.D. Tex. July 15, 2011) (citing *United States v. Holy Land Found. for Relief and Dev.*, No. 3:04-CR-240-G, 2007 WL 328833, at *3 (N.D. Tex. Feb.1, 2007) (Fish, C.J.) (citing *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976))). "Rather, the trial court should grant the motion for a bill of particulars 'when the information is necessary' for the defendants to prepare for trial." *Id.* (quoting *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979)). "[D]efendant[ is] obliged to show that [he] will be prejudiced if [he does] not receive the information sought[.]" *Id.* Defendant does not articulate why the names are necessary to help him prepare his defenses for trial, including any alibi defense, or any specific prejudice he will suffer if his request is denied and/or if he does not receive the names at this time. *See United States v. Garibalde-Barron*, No. EP-12-CR-1406-KC, 2013 WL 427389, at *5 (W.D. Tex. Feb. 4, 2013) (Denying bill of particulars "[b]ecause [defendant] does not indicate why his remaining requests for factual details, witnesses, and informants are necessary to prepare for trial or prevent double jeopardy[.]"). Further, as already referenced in connection with Defendant's request for overt acts, a conspiracy charge may be sustained by showing that a defendant entered into an agreement, whether or not that defendant's co-conspirators are identified. "[I]n order for [the defendant] to be convicted of conspiracy it [i]s not necessary for the government to prove that he knew all of the members of the conspiracy." *United States v. Pofahl*, 990 F.2d 1456, 1470 (5th Cir. 1993); *Rodriguez*, 2020 WL 4689193, at *6 (citing *Faulkner*,

2011 WL 2880919, at *3). Additionally, a bill of particulars regarding the identity of co-conspirators is largely obviated by the provision of a witness list before trial. *See Hughes*, 817 F.2d at 272; *United States v. Hagen*, No. 3:19-CR-146-B, 2020 WL 1929848, *13 (N.D. Tex. Apr. 21, 2020). At present, counsel for the Government is required to provide a list of witnesses on or before November 30, 2020 [Dkt. 85 at 2]. The Court recommends denying Defendant's request for confidential source and/or co-conspirators names through a bill of particulars.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant's Motion to Dismiss the Indictment or, in the Alternative, for a Bill of Particulars [Dkt. 79] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the uncontroverted factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of November, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE